FILED IN MY OFFICE
DISTRICT COURT CLERK
2/27/2015 2:04:21 PM
STEPHEN T. PACHECO
Joan Chernock

RIO ARRIBA
COUNTY CLERK
RECEIVED
2015 MAR 11 AM 10:02
BY

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

SAMUEL HERRERA,

    Plaintiff,

v.                                                                    Civil No. D-117-CV-2015-00070

BOARD OF COUNTY COMMISSIONERS FOR
RIO ARRIBA COUNTY, BARNEY TRUJILLO,
DANNY GARCIA, ALFREDO MONTOYA
and LARRY DeYAPP,
in their individual and official capacity,

    Defendants.

## COMPLAINT FOR DAMAGES FOR NEGLIGENCE, PERSONAL INJURY AND VIOLATION OF CIVIL RIGHTS

**COMES NOW**, Plaintiff, Samuel Herrera, by and through his attorneys, SANCHEZ LAW GROUP, LLC., (Daniel J. Sanchez), and brings this complaint for damages caused by the violation of his civil and constitutional rights: Plaintiff files this complaint under the Constitution of the United States and New Mexico. Plaintiff also brings claims under common law. In support of this Complaint Plaintiff alleges the following:

### I.  PARTIES, JURISDICTION, AND VENUE

1. At all times material hereto, Plaintiff, Samuel Herrera (hereinafter "Plaintiff" or "Herrera") is an individual over the age of eighteen (18), is a resident of Hernandez, County of Rio Arriba, and State of New Mexico.



EXHIBIT a

2. At all times material to this Complaint, Defendants Board of County Commissioners for the County of Rio Arriba (hereinafter "County") is a political subdivision recognized by the laws of the State of New Mexico, which can be sued pursuant to N.M.S.A. 1978, § 4-46-1, is located in Rio Arriba County, New Mexico. County is a legal entity organized under the laws of New Mexico and can sue or be sued and is a "public employer" under N.M.S.A. 1978, § 10-16C-2.

3. The Rio Arriba County Detention Center (hereinafter "RACDC") is a facility whose primary function is to hold in custody persons awaiting trial on criminal charges. Rio Arriba County Detention Center is owned, operated and maintained by the County of Rio Arriba and is a public building within the meaning of N.M.S.A. 1978 § 41-4-6.

4. All Rio Arriba County Detention Center officers and employees implicated in this action are law enforcement officers, as defined by N.M.S.A. 1978 § 41-4-3(D), and were at all material times acting in the course and within the scope of their official duties. As their employer, the County of Rio Arriba is liable for all of their acts and omissions alleged herein under the doctrine of respondeat superior.

5. Defendant Alfredo Montoya was a Commissioner on the Rio Arriba Board of County Commissioners and, at all times material hereto, acted under color of state law. He is sued in his individual and official capacities.

6. Defendant Barney Trujillo is a Commissioner on the Rio Arriba Board of County Commissioners and, at all times material hereto, acted under color of state law. He is sued in his individual and official capacities.

7. Defendant Danny Garcia is a Commissioner on the Rio Arriba Board of County Commissioners and, at all times material hereto, acted under color of state law. He is sued in his individual and official capacities.

8. Defendant Larry DeYapp was acting under color of state law and within the scope of his employment at all material times.

9. Defendant DeYapp is sued in his individual and official capacities both as a governmental actor and as a high-ranking administrator of the RACDC with the County.

10. This Court has subject matter jurisdiction.

11. This Court has jurisdiction over the parties.

12. Venue is proper in this Court.

13. All actions complained of in this Complaint occurred in the County of Rio Arriba and the State of New Mexico and, therefore, venue and jurisdiction are proper in this Court.

14. Pursuant to NMSA § 38-3-2, venue is Rio Arriba County, New Mexico

15. The agent for service of process is the clerk of the County under N.M.S.A. 1978, § 4-46-2.

## GENERAL FACTS FOR ALL COUNTS

16. Plaintiff was arrested for allegedly trafficking heroin by a Rio Arriba Sherriff's Officer on April 10, 2014, about a quarter of a mile past Socorro's Restaurant in Rio Arriba County, New Mexico.

17. Plaintiff begged the arresting officer, Officer James Vigil, that he did not want to go to jail, and stated to Officer Vigil that he would cooperate in the officer's endeavors in identifying other drug traffickers in Rio Arriba County.

18. Plaintiff later realized that identifying other drug traffickers in Rio Arriba County would expose Plaintiff to a great harm and concluded that it would not be in his best interest to become an informant.

19. On April 18, 2014 Rio Arriba County Sherriff's Officers picked up Plaintiff and charged him with trafficking a controlled substance.

20. The Rio Arriba County Sherriff's Officers took Plaintiff to the Espanola Hospital Emergency Room, where Plaintiff was examined and given a medical clearance, then the Rio Arriba County Sherriff's Officers proceeded to transfer Plaintiff to the Rio Arriba County Detention Center in Tierra Amarilla, New Mexico.

21. Upon arrival at the Rio Arriba County Detention Center in Tierra Amarilla, New Mexico Plaintiff was booked and escorted to the General Population of the jail in the B-Pod.

22. At no time during Plaintiff's booking or while he was being escorted to B-Pod General Population was Plaintiff informed of a "call button" that when pressed would call the guards.

23. Upon information an belief, some of the inmates with whom Plaintiff was housed were known to be violent.

24. Upon Plaintiff's arrival to B-Pod he was instructed to set up his bed in a far left corner of a cell as the guard left.

25. Soon after Plaintiff completed setting up his bed he exited his cell into the pod, where another inmate approached Plaintiff and began to ask him questions.

26. Plaintiff did not answer any of questions from this inmate, and within a few minutes about five (5) to seven (7) other inmates approached Plaintiff, and began to ask Plaintiff what he was incarcerated for and whether or not Plaintiff had "snuck" any contraband or narcotics into the jail.

27. After a few minutes of questioning Plaintiff the other inmates left and went into a cell, and then emerged from the cell and confronted Plaintiff again asking the same questions of Plaintiff.

28. Plaintiff then responded that he did not bring anything into the jail, however the inmates were persistent with their inquiry and continued to press Plaintiff if he had "snuck" anything into the jail.

29. Plaintiff continued to respond to the inmates that he had not brought or "snuck" anything into the jail, which at this point the inmates began to physically assault Plaintiff.

30. After this initial physical assault one inmate ordered Plaintiff into his cell.

31. Plaintiff retreated to his cell as ordered, and began to wash up and address his wounds, and within a few minutes one of the inmates ordered Plaintiff to "clean up his blood."

32. Plaintiff proceeded to clean up blood in the pod as ordered by the other inmates, as he believed that the inmates had finished with their physical attack on him.

33. After Plaintiff cleaned up the blood from his first physical altercation he returned to his cell, where the inmates that initiated the first physical attack followed him.

34. These inmates then bombarded Plaintiff with another physical assault.

35. Plaintiff was able to escape from his cell into the pod, and attempted to get the attention of the guards by yelling and screaming for help and attention and at all cost but to no avail.

36. Plaintiff returned to his cell after running around in the pod escaping the inmates attack, where he was approached by another inmate who then informed Plaintiff that he needed to push the "call button" to get the attention of the guards, the inmate then proceeded to tell Plaintiff that Plaintiff needed to get out of there.

37. Plaintiff pressed the "call button" and one of the guards on duty asked what the Plaintiff wanted. Plaintiff then responded that the guards need to get him out of the pod, that the other inmates did not want him in there, and they were beating him up.

38. After Plaintiff's call for help to the guards went unheeded the inmate then began to physically assault Plaintiff again, and at some point during this altercation Plaintiff heard the guard state that he did not know what he was talking about.

39. Plaintiff attempted to escape the third physical assault by the inmates, which at this point in the assaults he was knocked unconscious by one of the inmates.

40. The guards eventually came into the pod to assist Plaintiff, and at this point escorted Plaintiff out of the B-Pod of general population, and sat Plaintiff down and ignored Plaintiff's bleeding and breathing difficulty.

41. A guard eventually took Plaintiff to another room with a medicine cabinet and casually observed, and concluded that Plaintiff did not need medical attention, and then gave

Plaintiff super glue for his lacerations and four ibuprofen and ordered Plaintiff to lie down in the hall of the Rio Arriba Detention Center.

42. The County provided no regular supervision of the inmates in the large room and pods where Plaintiff was housed.

43. The methods used by the County to monitor activity inside the large rooms and pods, if any, are ineffective. As an example, not all of the activities of the inmates can be observed by Rio Arriba County Detention Center personnel, and as a result Plaintiff suffered personal and bodily injury, humiliation, emotional distress, and incurred legal and medical expenses, for which Plaintiff is entitled to recover damages.

## COUNT I
## DAMAGES FOR NEGLIGENCE UNDER THE NEW MEXICO TORT CLAIMS ACT

44. Plaintiff restates each and every allegation set forth in the preceding paragraphs is incorporated by reference as if set forth fully herein.

45. The New Mexico Tort Claims Act waives Sovereign Immunity for claims of assault and battery by law enforcement officers acting within the course and scope of their employment.

46. Plaintiff mailed a Tort Claims Notice pursuant to N.M.S.A. 1976 § 41-4-16 to the County Clerk of Rio Arriba County on May 16, 2014, via certified mail return receipt, which was signed by Victoria Montoya on May 19, 2014.

47. The assault and battery Plaintiff by other inmates was reasonably foreseeable under the circumstances of this case.

48. RACDC owed Plaintiff a duty to provide a reasonably safe environment and to protect him from foreseeable risks, including the risk of physical attacks on him by fellow inmates.

49. Said duty included the duty to provide adequate means and staff to monitor inmate behavior, and to adequately train and supervise staff in the performance of their jobs, including monitoring inmate behavior.

50. RACDC and its employees negligently failed to adequately monitor inmate behavior the night Plaintiff was attacked and battered.

51. RACDC and its supervisory employees negligently failed to adequately train and/or supervise the staff members that were on duty the night Plaintiff was attacked and battered.

52. RACDC and its supervisory employees negligently failed to provide sufficient numbers of staff to adequately monitor inmate behavior the night Plaintiff was attacked and battered.

53. RACDC and tis employees negligently housed violent inmates with Plaintiff.

54. As a direct and proximate result of RACDC's negligence as described herein, Plaintiffs' assailants were able to attack and batter him.

55. Plaintiff suffered damages as a proximate result of the attacks/assaults and battering, and the negligence of the Count's agents and employees.

56. The County is liable for Plaintiff's injuries by virtue of the doctrine of *respondeat superior*.

57. As a result of the actions and/or inactions of the Defendants, Plaintiff suffered bodily injury, incurred medical expenses, experienced pain and suffering, mental anguish, a loss of consortium, and a loss of enjoyment of life. Some of these damages and injuries have and will continue on into the future.

58. As a result of Defendant's actions and omissions, Plaintiff has suffered damages more fully explained below, and to be proven at trial.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 43 U.S.C. § 1983

59. Plaintiff restates each and every allegation set forth in the preceding paragraphs is incorporated by reference as if set forth fully herein.

60. RACDS's and the Rio Arriba County Sherriff Officer's who arrested Plaintiff, knew or should have known of Plaintiff's original statement that he was willing to assist in their endeavors in identifying other drug traffickers in Rio Arriba County.

61. Upon this knowledge RACDC should have known that Plaintiff was at high risk of retaliation from inmates if Plaintiff was placed in general population, and RACDC failed to place Plaintiff in protective custody.

62. As a result of RACDC's actions/inactions and omissions complained of herein were unnecessary, wanton, malicious and sadistic; and they deprived Plaintiff of his right, guaranteed by the Eighth Amendment to the U.S. Constitution, to be free from cruel and unusual punishment.

63. As a result of Defendant's actions and omissions, Plaintiff has suffered damages more fully explained below, and to be proven at trial.

64. Plaintiff is also entitled to an award of reasonable attorney fees and costs in connection for Defendant's violation of Plaintiff's civil rights.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts.

### GENERAL PRAYER FOR RELIEF AS TO ALL COUNTS

**WHEREFORE,** Plaintiff respectfully prays for:

A. Judgment for damages and punitive damages against all defendants, jointly and severally, in such amount as shall be proved reasonable at trial; and for costs, post-judgment interest;

B. Judgment for damages and punitive damages against all defendants, jointly and severally, for deprivation of civil rights, in such amount as shall be proved reasonable at trial; and for costs, post-judgment interest;

C. Award against Defendants and in favor of Plaintiff, liquidated damages and prejudgment and post-judgment interest in amounts to be proven at trial;

D. Award against Defendants and in favor of Plaintiff, damages for pain and suffering in an amount to be proven at trial;

E. Award against Defendant and in favor of Plaintiff, punitive damages for their willful and malicious conduct intended to cause the Plaintiff harm and injury;

F. Award against Defendant and in favor of Plaintiff, attorney's fees and costs of this action as permitted by law;

G. Award against Defendant and in favor of Plaintiff; such other equitable and further relief as the Court deems proper and just.

>Respectfully submitted,
>
>SANCHEZ LAW GROUP, LLC.,
>
>/s/ *Daniel J. Sanchez*
>Daniel J. Sanchez
>Daniel A. Sanchez
>Attorneys for Plaintiff
>620 Roma NW
>Albuquerque, NM 87102
>(505) 553-0466/FAX (505) 246-2668
>djsanchezesq@gmail.com

## VERIFICATION

STATE OF NEW MEXICO      )
                         ) ss.
COUNTY OF BERNALILLO     )

SAMUEL HERRERA, being first duly sworn upon his oath, hereby deposes and states:

That he is the Petitioner in the above-entitled cause of action; that he has read the Complaint for Damages for Negligence, Personal Injury and Violation of Civil Rights, and that it is true and correct to the best of his knowledge, information and belief.

_____
SAMUEL HERRERA
**Plaintiff**

**THE FOREGOING INSTRUMENT** was subscribed, sworn and acknowledged before me this 24th day of February 2015 by SAMUEL HERRERA.

_____
NOTARY PUBLIC
My Commission Expires: March 8, 2017

[SEAL]

RIO ARRIBA
COUNTY CLERK
RECEIVED

| SUMMONS 2015 MAR 11 AM 9:49 | |
|---|---|
| District Court: FIRST JUDICIAL<br>Rio Arriba County, New Mexico<br>Court Address:<br>Rio Arriba County Courthouse<br>P.O. Drawer 40<br>Tierra Amarilla, New Mexico 87575<br>Court Telephone No.: 575-588-0058 | Case Number:<br>D-117-CV-2015-00070<br><br>Assigned Judge: Division V Judge |
| Samuel Herrera,<br>    Plaintiff,<br><br>v.<br><br>Board of County Commissioners for Rio Arriba County, Barney Trujillo, Danny Garcia, Alfredo L. Montoya, and Larry DeYapp in their individual and official capacity,<br>    Defendants. | Defendant Name: Board of County Commissioners for Rio Arriba County<br><br>Address:<br>7 Main Street<br>Tierra Amarilla, New Mexico 87575 |

**TO THE ABOVE NAMED RESPONDENT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Tierra Amarilla, New Mexico, this 5th day of March, 2015.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT
BY: Raina L Morales
    Deputy

/s/ *Daniel J. Sanchez*
SANCHEZ LAW GROUP, LLC.,
Daniel J. Sanchez
620 Roma Ave. NW,
Albuquerque, NM 87102
Telephone No.: 505-553-0466
Fax No.: 505-246-2668
Email: djsanchezesq@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS



EXHIBIT
B

## RETURN

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF SANTA FE   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SAMUEL HERRERA,

       Plaintiff,

vs.                                      Cause No.

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, BARNEY
TRUJILLO, DANNY GARCIA, ALFREDO
MONTOYA and LARRY DEYAPP in
their individual and official capacity

       Defendants.

### ACKNOWLEDGMENT OF SERVICE

I hereby acknowledge service of the Complaint on behalf of Defendants Barney Trujillo, Danny Garcia, Alfredo Montoya and Larry DeYapp this 3rd day of April, 2015.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
*Attorney for Defendants*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
rbecker@ylawfirm.com



EXHIBIT C

**I HEREBY CERTIFY** that on the 3rd day of April, 2015, I filed the foregoing electronically through the CM/ECF System, and mailed a copy of same to:

Daniel J. Sanchez, Esq.
Daniel A. Sanchez, Esq.
Sanchez Law Group, LLC
620 Roma, NW
Albuquerque, NM  87102
(505) 553-0466
djsanchezesq@gmail.com
dansanchez911@gmail.com
*Attorneys for Plaintiff*

*/s/ Robert W. Becker*

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Samuel Herrera

### DEFENDANTS
Board of County Commissioners for Rio Arriba County, Barney Trujillo, Danny Garcia, Alfredo Montoya and Larry DeYapp

**(b)** County of Residence of First Listed Plaintiff   Rio Arriba
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Rio Arriba
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel J. Sanchez
620 Roma, NW
Albuquerque, NM 87102; (505) 553-0466

Attorneys *(If Known)*
Robert W. Becker
4908 Alameda Blvd., NE
Albuquerque, NM 87113; (505) 266-3995

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  | **IMMIGRATION** |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1331, 1441(a) and 1446(b)
Brief description of cause:
Alleged violation of Eighth Amendment rights of a prisoner/detainee

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER   Exhibit D

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.