IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL HERRERA,

    Plaintiff,

vs.                                         Cause No. 1:15-cv-00273 SCY/KBM

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, BARNEY
TRUJILLO, DANNY GARCIA, ALFREDO
L. MONTOYA and LARRY DEYAPP in
their individual and official capacity,

    Defendants.

**DEFENDANTS BOARD OF COUNTY COMMISSIONERS FOR
RIO ARRIBA COUNTY, BARNEY TRUJILLO, DANNY GARCIA,
ALFREDO MONTOYA AND LAWRENCE DEYAPP'S ANSWER TO
COMPLAINT FOR DAMAGES FOR NEGLIGENCE, PERSONAL
INJURY AND VIOLATION OF CIVIL RIGHTS**

Come now Defendants, Board of County Commissioners for Rio Arriba County, Barney Trujillo, Danny Garcia, Alfredo Montoya and Lawrence DeYapp, by and through their counsel of record, Yenson, Allen & Wosick, P.C. (Robert W. Becker, appearing), and by way of answer to the Complaint of Plaintiff, Samuel Herrera, for Damages for Negligence, Personal Injury and Violation of Civil Rights states the following:

**PARTIES, JURISDICTION AND VENUE**

1.     Defendants admit the allegations of Paragraph 1.

2.     Defendants admit the allegations of Paragraph 2.

3.     Defendants admit the allegations of Paragraph 3.

4.     Defendants admit the first sentence of allegations of Paragraph 4. Defendants deny the second sentence of allegations of Paragraph 4 as stated.

5.     Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants admit Defendant Lawrence DeYapp's status as administrator of the Rio Arriba County Adult Detention Center but are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 9 because the allegations as to Defendant DeYapp's status as a "high-ranking official" are undefined and ambiguous.

10. Defendants admit that the United States District Court has subject matter jurisdiction.

11. Defendants admit that the United States District Court has personal jurisdiction over the parties.

12. Defendants admit that venue is proper in the United States District Court for the District of New Mexico.

13. Defendants admit that venue and jurisdiction is proper in the United States District Court for the District of New Mexico.

14. Defendants deny the allegations of Paragraph 14, venue being proper in the United States District Court for the District of New Mexico after removal of the complaint.

15. Defendants admit the allegations of Paragraph 15 as to claims brought against the Board of County Commissioners for Rio Arriba County but deny the allegations of Paragraph 15 as to the individual Defendants.

## GENERAL FACTS FOR ALL COUNTS

16. Defendants admit the allegations of Paragraph 16 but state that Plaintiff pled guilty to attempting to commit trafficking of narcotics in state district court on December 8, 2014.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19. Defendants admit the allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

## COUNT I: DAMAGES FOR NEGLIGENCE
## UNDER THE TORT CLAIMS ACT

44. Defendants repeat and reallege each and every answer to the previous allegations as if set forth as length herein.

45. Defendants admit the allegations of Paragraph 45.

46. Defendants admit the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48 as stated.

49. Defendants deny the allegations of Paragraph 49 as stated.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

## COUNT II: VIOLATION OF CIVIL RIGHTS
## UNDER 43 (sic) U.S.C. § 1983

59. Defendants repeat and reallege each and every answer to the previous allegations as if set forth as length herein.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

## GENERAL PRAYER FOR RELIEF AS TO ALL COUNTS

65. Defendants deny the general prayer for relief as to all counts, A-G inclusive.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**: Plaintiff, a pretrial detainee at all times material to the allegations in the Complaint, fails to state a claim for violation of the Eighth Amendment to the U.S. Constitution.

**SECOND AFFIRMATIVE DEFENSE**: Plaintiff fails to state claims against Defendants Barney Trujillo, Danny Garcia, Alfredo Montoya and Lawrence DeYapp, and these Defendants are thus entitled to judgment on the pleadings.

**THIRD AFFIRMATIVE DEFENSE**: Plaintiff fails to state a Monell claim against the Board of County Commissioners of Rio Arriba County, and this Defendant is thus entitled to judgment on the pleadings.

**FOURTH AFFIRMATIVE DEFENSE**: Plaintiff's claims for prejudgment interest are barred by the pertinent provisions of the New Mexico Tort Claims Act.

**FIFTH AFFIRMATIVE DEFENSE**: Plaintiff fails to state a claim entitling him to liquidated damages, and Defendants are thus entitled to judgment on the pleadings as to this damages request.

**SIXTH AFFIRMATIVE DEFENSE**: Plaintiff fails to state a claim against the individual Defendants in their official capacity, and those Defendants are entitled to judgment on the pleadings as to such claims.

**SEVENTH AFFIRMATIVE DEFENSE**:  Any injuries sustained by Plaintiff were the result of the acts of third parties over whom these Defendants did not have a duty to guarantee Plaintiff's safety to the degree alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**:  The individual Defendants are entitled to qualified immunity from suit as to all federal claims asserted against them.

**NINTH AFFIRMATIVE DEFENSE**:  The individual Defendants are entitled to qualified immunity from suit as to all state law claims asserted against them, as left open by the New Mexico Supreme Court in <u>Romero v. Sanchez</u>.

**TENTH AFFIRMATIVE DEFENSE**:  If Plaintiff recovers any judgment against these Defendants on the state law claims, any recovery should be reduced by Plaintiff's comparative negligence pursuant to the New Mexico Court of Appeals opinion in <u>Garcia v. Gordon</u>.

Defendants reserve the right to assert additional affirmative defenses based upon what subsequent discovery may reveal.

## JURY DEMAND

Defendants demand a jury on all issues so triable.

Wherefore, Defendants Board of County Commissioners for Rio Arriba County, Barney Trujillo, Danny Garcia, Alfredo Montoya and Lawrence DeYapp demand judgment dismissing the Complaint with prejudice and for the taxation of those costs as allowed by law.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
*Attorney for Defendants*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 8th day of April, 2015, I filed the foregoing electronically through the CM/ECF System, and mailed a copy of same to:

Daniel J. Sanchez, Esq.
Daniel A. Sanchez, Esq.
Sanchez Law Group, LLC
620 Roma, NW
Albuquerque, NM 87102
(505) 553-0466
djsanchezesq@gmail.com
dansanchez911@gmail.com
*Attorneys for Plaintiff*

*/s/ Robert W. Becker*